**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KARANT PHOTO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  18-3205. |
| | ) | Honorable |
| v. | ) | |
| | ) | |
| APTAMIGO, INC., CORPORATE HOUSING BY | ) | |
| OWNER, INC., CHITOWN TRAINER, INC., | ) | |
| PRESTIGE SUITES, LLC, RESIDENT CHICAGO, | ) | |
| LLC, SASCO REALTY GROUP, CORP., | ) | |
| VERYAPT, INC., and VIP CORPORATE | ) | |
| HOUSING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Karant Photo, Inc. ("Plaintiff") for its complaint against AptAmigo, Inc.,

Corporate Housing by Owner, Inc., Chitown Trainer, Inc., Prestige Suites, LLC, Resident

Chicago, LLC, and Sasco Realty Group, Corp., VeryApt, Inc., and VIP Corporate Housing, Inc.,

states as follows.

**PARTIES**

1.     Karant Photo, Inc. is an Illinois corporation with its principal office located in

Chicago, Illinois.

2.     AptAmigo, Inc. ("AptAmigo") is an Illinois corporation with its principal office

in Chicago, Illinois.  AptAmigo conducts business and transactions in the State of Illinois,

including in this judicial district, by continuously and systematically marketing, advertising,

leasing, and/or renting properties in Chicago, Illinois.  AptAmigo maintains an interactive

commercial website, which holds itself out to customers in Illinois as a means and place to do

business regarding real estate and property located in Illinois.

1

3.      Corporate Housing by Owner, Inc. ("CBHO") is a Colorado corporation with its principal office in Highlands Ranch, Colorado. CBHO conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, and/or renting properties in Chicago, Illinois.  CBHO maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

4.      Chitown Trainer, Inc. ("Chitown Trainer") is an Illinois corporation with its principal office in Chicago, Illinois.  Chitown Trainer conducts business and transactions in the State of Illinois, including in this judicial district, by offering physical therapy and exercise services in Chicago, Illinois.

5.      Prestige Suites, LLC ("Prestige Suites") is an Illinois company with its principal office located in Chicago, Illinois.  Prestige Suites conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, renting, and/or staging properties in Chicago, Illinois.  Prestige Suites maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

6.      Resident Chicago, LLC ("Resident Chicago") is an Illinois company with its principal office located in Chicago, Illinois.  Resident Chicago conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, renting, and/or staging properties in Chicago, Illinois.  Resident Chicago maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

7.      Sasco Realty Group, Corp. ("Sasco") is an Illinois company with its principal office located in Chicago, Illinois.  Sasco conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, and/or renting in Chicago, Illinois.  Sasco maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

8.      VeryApt, Inc. ("VeryApt") is a Delaware corporation with its principal office located in Philadelphia, Pennsylvania. VeryApt conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, and/or renting in Chicago, Illinois.  VeryApt maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

9.      VIP Corporate Housing, Inc. ("VIP") is a Missouri corporation with its principal office located in Chesterfield, Missouri.  VIP conducts business and transactions in the State of Illinois, including in this judicial district, by continuously and systematically marketing, advertising, leasing, and/or renting in Chicago, Illinois.  VIP maintains an interactive commercial website, which holds itself out to customers in Illinois as a means and place to do business regarding real estate and property located in Illinois.

## JURISDICTION AND VENUE

10.      This court's jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1338 because this case arises from claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (d), and §

1400(a), because the defendants reside and can be found in this district, or a substantial part of

the events or omissions giving rise to the claims herein occurred in this judicial district, or, if

there is no other district in which an action may otherwise be brought as provided in § 1391(b),

because one or more of the defendants is subject to the court's personal jurisdiction in this

action.

12.     Further, each identified defendant has contacts in this district sufficient to subject

it to the personal jurisdiction of this district as if this district were a separate state.  Exercising

jurisdiction over these defendants is fair, just, and reasonable considering the quality and nature

of the defendant's acts that occur in Illinois and which affect interests located in Illinois.

Defendants have purposefully availed themselves of the privilege of conducting activities in

Illinois, and should reasonably anticipate being haled into court in Illinois.

### FACTS

**I.      Authorship of the Photograph, Registration, and Ownership.**

13.     Barbara Karant is nationally known for her photography.  She was educated at the

Rhode Island School of Design (BFA) and the Art Institute of Chicago (MFA).  In addition to

her photographic practice, she currently is a visiting critic and mentor at Columbia College.  Ms.

Karant has worked as a commercial photographer for more than 25 years, and her work is

included in the permanent collections of the Art Institute of Chicago, The Chrysler Museum, The

Polaroid Collection, and The Avon Collection, and her work has appeared in numerous galleries

and museums across the country.  Ms. Karant's commercial work has been published in

Architecture, Interior Design, Architectural Digest, Metropolitan Home, Chicago Magazine, and

Esquire magazines, The New York Times, and many other publications, and she is the author of

two books: GREYHOUNDS and SMALL DOG BIG DOG. Ms. Karant has lectured widely on photographic subjects at the University of Illinois–Chicago and Loyola University, and she has been interviewed by ABC, CBS, and Fox about her photography.

14.     In summer 2010, Ms. Karant authored the photographs at issue in this action (hereinafter the "EnV Photographs"). The EnV Photographs consist of various exterior views of the EnV building, located at 161 Kinzie Street, Chicago, Illinois.

15.     On August 7, 2012, Ms. Karant group-registered the EnV Photographs with the U.S. Register of Copyrights, titled, "WOW, EnV, APA," under registration number VA1-836-803. Ms. Karant thereafter assigned the copyright in the EnV Photographs to Karant + Associates, Inc.

16.     Karant + Associates, Inc. owned the copyright to the EnV Photographs until May 4, 2018, at which time it assigned the copyright to Karant Photo, Inc. At the time of the filing of this complaint, Karant Photo, Inc. is the owner of the copyrights in the EnV Photographs.

## II.     Defendants' Unauthorized Usages

### A.     AptAmigo

17.     AptAmigo owns a website at https://www.aptamigo.com. AptAmigo exercises control over the content of that website, including the photographs that are displayed on that website.

18.     AptAmigo and/or its agent published one or more of the EnV Photographs on AptAmigo's website in one or more spots.

19.     AptAmigo used the EnV Photographs in AptAmigo's advertising, and the EnV Photographs constituted an element of AptAmigo's advertising and marketing.

20.     AptAmigo did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on AptAmigo's website, or to use any of the EnV Photographs in AptAmigo's advertising or marketing materials.

**B.     CBHO**

21.     CBHO owns a website at https://www.corporatehousingbyowner.com.  CBHO exercises control over the content of that website, including the photographs that are displayed on that website.

22.     CBHO and/or its agent published one or more of the EnV Photographs on CBHO's website in one or more spots.

23.     CBHO used the EnV Photographs in CBHO's advertising, and the EnV Photographs constituted an element of CBHO's advertising and marketing.

24.     CBHO did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on CBHO's website, or to use any of the EnV Photographs in CBHO's advertising or marketing materials.

25.     CBHO placed its own logo on the EnV Photographs, and published the EnV Photographs with its own logo displayed.  Such logo constitutes copyright management information, as that term is used by the Digital Millennium Copyright Act, 17 U.S.C. § 1202(c).

**C.     Chitown Trainer**

26.     Chitown Trainer owns a website at https://chitowntrainer.com.  Chitown Trainer exercises control over the content of that website, including the photographs that are displayed on that website.

27.     Chitown Trainer and/or its agent published one or more of the EnV Photographs on Chitown Trainer's website in one or more spots.

28. Chitown Trainer used the EnV Photographs in Chitown Trainer's advertising, and the EnV Photographs constituted an element of Chitown Trainer's advertising and marketing.

29. Chitown Trainer did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on Chitown Trainer's website, or to use any of the EnV Photographs in Chitown Trainer's advertising or marketing materials.

**D. Prestige Suites**

30. Prestige Suites owns a website at https://www.prestigesuiteschicago.com. Prestige Suites exercises control over the content of that website, including the photographs that are displayed on that website.

31. Prestige Suites and/or its agent published one or more of the EnV Photographs on Prestige Suites's website in one or more spots.

32. Prestige Suites used the EnV Photographs in Prestige Suites's advertising, and the EnV Photographs constituted an element of Prestige Suites's advertising and marketing.

33. Prestige Suites did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on Prestige Suites's website, or to use any of the EnV Photographs in Prestige Suites's advertising or marketing materials.

**E. Resident Chicago**

34. Resident Chicago owns a website at http://www.resident-chicago.com. Resident Chicago exercises control over the content of that website, including the photographs that are displayed on that website.

35. Resident Chicago and/or its agent published one or more of the EnV Photographs on Resident Chicago's website in one or more spots.

36.     Resident Chicago used the EnV Photographs in Resident Chicago's advertising, and the EnV Photographs constituted an element of Resident Chicago's advertising and marketing.

37.     Resident Chicago did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on Resident Chicago's website, or to use any of the EnV Photographs in Resident Chicago's advertising or marketing materials.

**F.      Sasco**

38.     Sasco owns a website at https://sascorealtygroup.com.  Sasco exercises control over the content of that website, including the photographs that are displayed on that website.

39.     Sasco and/or its agent published one or more of the EnV Photographs on Sasco's website in one or more spots.

40.     Sasco used the EnV Photographs in Sasco's advertising, and the EnV Photographs constituted an element of Sasco's advertising and marketing.

41.     Sasco did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on Sasco's website, or to use any of the EnV Photographs in Sasco's advertising or marketing materials.

**G.      VeryApt**

42.     VeryApt owns a website at https://www.veryapt.com.  VeryApt exercises control over the content of that website, including the photographs that are displayed on that website.

43.     VeryApt and/or its agent published one or more of the EnV Photographs on VeryApt's website in one or more spots.

44.     VeryApt used the EnV Photographs in VeryApt's advertising, and the EnV Photographs constituted an element of VeryApt's advertising and marketing.

45.     VeryApt did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on VeryApt's website, or to use any of the EnV Photographs in VeryApt's advertising or marketing materials.

**H.     VIP**

46.     VIP owns a website at http://www.vipcorporatehousing.com.  VIP exercises control over the content of that website, including the photographs that are displayed on that website.

47.     VIP and/or its agent published one or more of the EnV Photographs on VIP's website in one or more spots.

48.     VIP used the EnV Photographs in VIP's advertising, and the EnV Photographs constituted an element of VIP's advertising and marketing.

49.     VIP did not have the owner's permission, consent, or a valid license to reproduce, distribute, or display any of the EnV Photographs on VIP's website, or to use any of the EnV Photographs in VIP's advertising or marketing materials.

**COUNT I – Copyright Infringement**
**Against Each Defendant**

50.     Plaintiff hereby incorporates and realleges Paragraphs 1–49 as though fully stated herein Paragraph 50.

51.     Defendants did not have permission or rights granted from the copyright owner to reproduce, distribute, or display the EnV Photographs.

52.     Defendants and/or their agents reproduced and/or distributed and/or displayed the copyrighted EnV Photographs, or caused the copyrighted EnV Photographs to be reproduced and/or distributed and/or displayed, in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

9

53.     Defendants' volitional acts constitute infringement of Plaintiff's copyright that

has caused and is causing irreparable harm and damage to Plaintiff.  Even if Defendants'

volitional acts of infringement were not "intentional," they still constitute infringement for which

liability attaches under the Copyright Act.

54.     Plaintiff is entitled to recover from Defendants the damages, including attorneys'

fees and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages

obtained by Defendants as a result of their acts of violation alleged above or at Plaintiff's

election to recover statutory damages, if applicable.  At present, the amount of such damages,

gains, profits, and advantages cannot be fully ascertained, but will be established according to

proof at trial.

**COUNT II – Violation of the Digital Millennium Copyright Act**
**Against CBHO**

55.     Plaintiff hereby incorporates and realleges Paragraphs 1–54 as though fully stated

herein Paragraph 55.

56.     CBHO's placement of its own logo on the EnV Photographs constitutes the usage

and distribution of false copyright management information.

57.     In placing its logo on the EnV Photographs, CBHO intended to, or had reasonable

grounds to know that it would, induce, enable, facilitate, or conceal its infringement under the

Copyright Act.

58.     CBHO's acts violated the DMCA, 17 U.S.C. § 1202.

59.     Plaintiff has suffered and continues to suffer financial loss as a result of CBHO's

conduct.

60.     Plaintiff is entitled to recover from CBHO the damages, including attorneys' fees

and costs, that Plaintiff has sustained and will sustain, and any gains, profits, and advantages

obtained by CBHO as a result of its acts of violation alleged above or at Plaintiff's election to

recover statutory damages, if applicable. At present, the amount of such damages, gains, profits,

and advantages cannot be fully ascertained, but will be established according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(A)     Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with the Defendants from:

      (1)     reproducing, distributing, or displaying the EnV Photographs;
      (2)     contributing to or inducing any third party to reproduce, distribute, or display the EnV Photographs;

(B)     Directing Defendants to:

      (1)     Turn over or destroy all copies, including all electronic copies, of the EnV Photographs;
      (2)     Pay to Plaintiff all the actual damages it, Karant + Associates, Inc., and Barbara Karant suffered as a result of the acts of Defendants complained of herein, together with prejudgment interest;
      (3)     Account for and pay to Plaintiff all profits derived by Defendants from their acts complained of herein, together with prejudgment interest;
      (4)     At Plaintiff's election, pay statutory damages based upon Defendants' acts of infringement that began following Plaintiff's registration of copyrights in the Photographs;
      (5)     At Plaintiff's election, pay an increased award for Plaintiff's statutory damages for Defendants' willfully infringing acts;
      (6)     Pay Plaintiff's reasonable attorneys' fees and costs in this action; and

(C)     Awarding Plaintiff such further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable by jury.

11

**KARANT PHOTO, INC.**

By:     */s/Benjamin M. Jacobi*
        One of its attorneys

Benjamin M. Jacobi, #6296811
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  847-291-0200
Facsimile:  847-291-9230
bjacobi@okgc.com

12